IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESTATE OF JAMES GODWIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 10-531-JJF |
| | : | Del. Super. Ct. |
| DENNIS L. SMITH, | : | C.A. No. S09C-07-045(THG) |
| | : | |
| Defendant. | : | |

Dennis Lee Smith, Selbyville, Delaware.  Pro se Defendant.

**MEMORANDUM OPINION**

June 29, 2010
Wilmington, Delaware

**Farnan, District Judge**

Defendant Dennis Lee Smith ("Defendant") removed this case from The Superior Court of the State of Delaware, in and for Sussex County ("Superior Court") on June 17, 2010. (D.I. 1.) For the reasons discussed below, the Court will deny Defendant's Motion For Reassignment and will summarily remand the case to the Superior Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant removed C.A. No. S09C-07-045(THG) from the Superior Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1441(c). The Complaint seeks ejectment pursuant to 10 Del. C. § 6701 and alleges timber trespass pursuant to 14 Del. C. § 1401. The Notice Of Removal states "pattern of repeated unconstitutional fraud, invidious discrimination, due process rights violations, and chain conspiracy violations against civil rights intentionally violated by the State of Delaware Superior Court and his staff under" 28 U.S.C. §§ 1331, 1332, 1443(1), and 1446, and 42 U.S.C. §§ 2000a, 2000a-1, and 2000a-1." (D.I. 1.)

## II. REMOVAL

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a). The

2

statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc., 809 F.2d 1006, 1010 (3d Cir. 1987); Zoren v. Genesis Energy, L.P., 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the Court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. Steel Valley Auth., 809 F.2d at 1010.

### III. DISCUSSION

Section 1446(b) provides that "a notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). The term "initial pleading" as

contained in §1446(b), refers to the Complaint. See <u>Sikirica v. Nationwide Ins. Co.</u>, 416 F.3d 214, 223 (3d Cir. 2005). If the case stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." <u>Id.</u>

Defendant sets forth federal civil rights and criminal allegations in the Notice of Removal, but the underlying Superior Court case raises claims under Delaware law. It appears that Defendant incorrectly attempts to use the federal removal statute as a means to file a lawsuit against Plaintiff.

The Complaint in C.A. No. S09C-07-045(THG) was filed on July 28, 2009. (D.I. 1, exs.) The Superior Court docket indicates that Defendant was served on August 5, 2009, and he answered the Complaint on October 6, 2009. (<u>Id.</u>) Yet, the Notice Of Removal was not filed until June 17, 2010, well after the thirty-day time requirement as set forth by § 1446(b). Hence, Defendant's failure to timely file the Notice Of Removal following service of the initial pleading renders the removal procedurally defective. For these reasons, the Court will summarily remand the case to the Superior Court.

**IV.   MOTION TO REASSIGN**

Defendant seeks reassignment of this case to a different judge pursuant to 28 U.S.C. § 144.  (D.I. 5.)  His Affidavit/Motion states that the undersigned repeatedly violated his "equal civil rights" under 28 U.S.C. § 144 and 18 U.S.C. § 2383 in a different case in this Court, Civ. No. 09-814-JJF.

Pursuant to 28 U.S.C. § 144, a federal district court judge must recuse if a party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against [that party] or in favor of any adverse party." Defendant's Motion fails to provide evidence to support his position and, instead contains conclusory allegations.  See United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989) (stating that "[c]onclusory statements and opinions" made by a litigant in his 28 U.S.C. § 144 affidavit "need not be credited").

Moreover, it is evident that Defendant's reason for reassignment is a result of his disagreement with this Court's prior Orders.  Defendant's disagreement with Court's rulings, however, is insufficient to dictate recusal nor does it suffice for reconsideration.  See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990).

5

## V. CONCLUSION

For the above reasons, the Court will deny Defendant's Motion For Reassignment and will summarily remand the case to The Superior Court Of The State Of Delaware, in and for Sussex County.

An appropriate Order will be entered.