IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF JAMES GODWIN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 10-531-LPS |
| | : Del. Super. Ct. |
| DENNIS LEE SMITH, | : C.A. No. S09C-07-045(THG) |
| | : |
| Defendant. | : |

Estate of James Godwin, Seth Lewis Thompson, Esquire, Hudson, Jones, Jaywork & Fisher, Georgetown, Delaware, Attorney for Plaintiff.

Dennis Lee Smith, Selbyville, Delaware, Pro Se Defendant.

**MEMORANDUM OPINION**

December 23rd, 2010
Wilmington, Delaware

*[signature]*
STARK, U.S. District Judge

I. **INTRODUCTION**

On June 17, 2010, Defendant Dennis Lee Smith ("Smith") removed this case from the Superior Court of the State of Delaware, in and for Sussex County ("Superior Court"). The Court summarily remanded the case to the Superior Court on June 29, 2010. (D.I. 8) Before the Court are numerous motions filed by Smith, including a Motion for Relief from Judgment or Order pursuant to Fed. R. Civ. P. 60(b)(3). (D.I. 11, 12, 15, 16, 17, 18, 21, 22, 25, 27, 29) For the reasons discussed below, the Court will deny the Motions.

II. **STANDARD OF REVIEW**

Rule 60(b)(3) provides for relief from judgment by reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party."[1] Fed. R. Civ. P. 60(b)(3). "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing," *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960) (citations omitted), and "cannot serve as an attempt to relitigate the merits." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (citation omitted).

Rule 60(b)(3) concerns litigation-related fraud perpetrated in the course of litigation that interferes with the process of adjudication. *Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d

---

[1] A Rule 60(b)(3) motion must be filed no more than one year after entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

1

129, 134 (1st Cir. 2005). Once such fraud is proved, the judgment may be set aside upon the movant's showing that the fraud "'substantially interfered with [the movant's] ability fully and fairly to prepare for, and proceed at, trial.'" *Tiller v. Baghdady*, 294 F.3d 277, 280 (1st Cir. 2002) (citation omitted). "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case. For example, failure to disclose or produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). Typical Rule 60(b)(3) fraud cases involve fraud or misstatements perpetrated in the course of litigation or other misconduct aimed directly at the trial process. *Tiller v. Baghdady*, 294 F.3d 277, 280 (1st Cir. 2002) (citation omitted).

### III. DISCUSSION

The Delaware case was summarily remanded to the Superior Court on the ground that removal was procedurally defective due to untimely removal.[2] In addition, the Court observed that Smith incorrectly attempted to use the federal removal statute as a means to file a lawsuit

---

[2]The relevant statute provides as follows: The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
  If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by 28 U.S.C. § 1332 more than one year after commencement of the action. 28 U.S.C. § 1446.

against Plaintiff. (D.I. 7, 8) The Motion for Relief from Judgment or Order seeks relief from the Court's June 29, 2010 Memorandum Opinion and Order pursuant to Fed. R. Civ. P. 60(b)(3) based upon extrinsic fraud and invidious racial discrimination. (D.I. 11)

Smith argues that when he filed his amended notice of removal on June 24, 2010, he requested a "three judge district court," but the court "only assigned de facto Judge Joseph J. Farnan, Jr. to the case."[3] (*Id.*) Smith immediately filed a motion to reassign the case pursuant to 28 U.S.C. § 144 (his second attempt), but the motion was denied on June 29, 2010.[4] Smith argues the denial of his motion was arbitrary and capricious and violated 18 U.S.C. § 2383[5], even more so when the case was assigned to the undersigned (in his then capacity as a United States Magistrate Judge) to hear and resolve all pretrial matters, up to and including the pretrial conference. (*See* D.I. 6)

In an attempt to prove fraud, as is required by Rule 60(b)(3), Smith claims that the Superior Court gave and/or placed fraudulent information into the LexisNexis system and this caused a fraudulent docket sheet, dated December 15, 2009. Smith posits that the docket sheet is proof of intentional extrinsic fraud and invidious racial discrimination. He contends that the "de facto Superior Court" created three fraudulent docket sheets based upon arbitrary and capricious

---

[3] Judge Farnan retired from the bench on July 31, 2010.

[4] Pursuant to 28 U.S.C. § 144, a federal district court judge must recuse if a party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against [that party] or in favor of any adverse party." Smith's first motion for reassignment was denied on the grounds that he failed to provide evidence to support his position and it was evident that the motion for recusal was based upon his disagreement with prior Court rulings. (D.I. 7)

[5] Section 2383, "rebellion or insurrection," is contained in Chapter 115 of the Federal Criminal Code for violations of treason, sedition, and subversive activities.

acts that favored counsel for plaintiff Seth L. Thompson ("Thompson"). According to Smith, the Superior Court allowed "filed documents to be [] placed before" his that blocked Thompson's responses to Smith's letters. Smith claims this resulted in the appearance that he did not file his own documents and, therefore, had no control over the sequence of filings. Smith further claims that the Superior Court "unconstitutionally and illegally certified as true copies four different dockets" for removed civil case No. SO9C-07-045 ESB based on a fraud and lie to deceive Smith and unconstitutionally favor Thompson. Finally, Smith contends that Thompson filed a fraudulent letter with a Superior Court judge, but the Superior Court did nothing about it.

With regard to remand, Smith argues that Judge Farnan "in his intentional, unconstitutional fraudulent memorandum opinion and court order, . . . intentionally, unconstitutionally and illegally denied [Smith's] constitutional equal civil [] and due process rights" to 28 U.S.C. § 144 and, therefore, violated 18 U.S.C. § 2383. Smith argues that the remand order is in error because it does not mention the amended notice of removal. In addition, he contends that the case was timely removed, relying upon that portion of 28 U.S.C. § 1446(b) that a "case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than [one] year after commencement of the action." The case was removed on June 17, 2010, and he notes that the case was filed in State court on July 30, 2009. Smith's other litany of violations include 18 U.S.C. § 1001 in alleged attempt to trick him out of his "equal civil" and due process rights;[6] 42 U.S.C. § 2000a-1 and § 2000a-2 with a "chain of conspiracy"[7];

---

[6] Section 1001, "statements or entries generally," is contained in Chapter 47 of the Federal Criminal Code, fraud and false statements.

[7] Sections 2000a-1 and 2000a-2 refer to the Public Accommodations law, Title II of the Civil Rights Act, 42 U.S.C. § 2000a-1 *et seq.*

as well as conclusory claims under 42 U.S.C. §§ 1981(a), 1985(3), and 1986[8]; 28 U.S.C. § 1343[9]; and 18 U.S.C. §§ 241 and 242[10].

The Superior Court case was not timely removed to this Court. The original Complaint did not vest this court with jurisdiction and the one-year time period, referred to by Smith, only comes into play only if an amended pleading causes a case to become removable and, only if the case becomes removable within one year after commencement of the action. Nothing in the record indicates that, at any time, an amended pleading vested this court with jurisdiction.

Moreover, Smith's use of Rule 60(b)(3) to support his fraud claim is inappropriate. The Court notes that Smith's motion consists of unsupported allegations. He did not to produce evidence of material misrepresentations sufficient to satisfy the standard for relief under Rule 60(b)(3) (i.e., that the fraud was committed by the opposing party). Indeed, Smith's Motions refer to "fraud" that was allegedly committed by the Superior Court and this Court's rulings that are adverse to him. *See Smith v. Dell, Inc.*, Civ. No. No. 06-2496-B/V, 2007 WL 3232037 (W.D. Tenn. Oct. 31, 2007); *Ankele v. Johnson*, Civ. No. 04-4811-JW, 2005 WL 1459553 (N.D. Cal. June 21, 2005). Rule 60(b)(3), on its face, pertains to misconduct "of an adverse party" and, not as Smith suggests, that a Court has committed fraud. The only mention Smith makes with regard

---

[8]Section 1981 forbids discrimination on the basis of race in the making of public and private contracts. *See St. Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987); *Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 385 (3d Cir. 1999). Section 1985 provides for federal conspiracy claims. Section 1986 provides for a cause of action for damages for neglect to prevent conspiracy to interfere with civil rights.

[9]Section 1343 refers to original jurisdiction in civil rights and elective franchise civil cases.

[10]These sections, contained in Chapter 13 of the Federal Criminal Code for violations of civil rights, refer to conspiracy against rights and deprivation of rights under color of law.

to acts of Plaintiff occurred in the Superior Court when it recognized an alleged fraudulent letter sent by Plaintiff's counsel. Smith's position based upon Rule 60(b)(3) relief is specious, at best. For the above reasons, the Court finds Rule 60(b)(3) inapplicable.

Finally, it is evident that Smith's real intent is for reconsideration of the summary remand Order. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Smith, however, has failed to demonstrate any of the grounds necessary to warrant reconsideration. For the above reasons, the Court will deny all pending Motions.